purpose of sale. Meadors v. State, 101 Tex.Cr.R. 336, 275 S.W. 829.

 Under these facts it is insisted that the trial court was under the duty to identify the three separate transactions before the jury and to so control the submission thereof before the jury as to require a specific finding upon each transaction.

Appellant reserved an exception to the charge of the court in failing to require a specific finding by the jury on the separate transactions showing the different sales of whisky.

This being a misdemeanor case, the appellant was also under the burden of requesting a charge upon the subject, which he did not do. The question sought to be here raised is therefore not before us.

We pass now to a discussion of the fourth count in the information, upon which the conviction for possessing whisky for the purpose of sale was predicated.

Having by the allegations of the information carved out of the transactions a showing of the two sales of whisky referred to, the state could not, also, prosecute appellant for possessing that whisky for the purpose of sale. To sustain the count charging the unlawful possession of whisky for the purpose of sale, proof was of necessity limited to the evidence as to the finding of the two pints of whisky in appellant's car—which fact again demonstrated the necessity for the trial court to confine the jury's consideration to that transaction.

Both an exception to the charge and a requested charge were presented covering this matter. The trial court should have responded to the requested charge.

No reason appears why the jury's finding of guilt upon the counts charging a sale of whisky should not be sustained. It follows that the judgment of the trial court is affirmed as to those counts, but as to the conviction for the possessing of whisky for the purpose of sale the judgment is reversed and the cause remanded.

Opinion approved by the court.

### On Motion for Rehearing.

GRAVES, Presiding Judge.

We have carefully reviewed the record and know of no other legal method by which the case can be disposed of than was done in the original opinion herein.

We notice that the judgment herein provides for a total fine of $900 and punishment at 180 days' confinement in the county jail. Since the third count of the complaint and information has been reversed, we will correct the judgment and eliminate the period of punishment set forth in said count. The judgment is corrected to provide for a total fine of $600 and confinement in the county jail for 120 days.

As thus constituted, the judgment will be reformed and the motion for rehearing is overruled.

### GIFFORD v. STATE.
### No. 26108.

Court of Criminal Appeals of Texas.
Dec. 3, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

**44**

MORRISON, Judge.

The offense is driving while license suspended; the punishment, six months in jail and a fine of $50.

The record is before us without a statement of facts or bills of exception.

All the proceedings appear regular; and nothing being presented for our review, the judgment is affirmed.